IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WEEKS MARINE, INC.,** *et al.*                                  **PLAINTIFFS**

**v.**                    **CIVIL ACTION NO. 2:11-CV-112-KS-MTP**

**CLARENCE STOKES**                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part** Defendant's Motion to Dismiss or, Alternatively, to Transfer Venue [20]. This case shall immediately be transferred to the United States District Court for the Eastern District of Louisiana.

## I. BACKGROUND

Defendant was a seaman employed by Plaintiffs aboard a dredge. Defendant allegedly sustained personal injuries when he fell from an unsecured ladder. Plaintiff initiated the present action on May 20, 2011, seeking a declaratory judgment as to whether Defendant is entitled to maintenance and cure. On May 25, 2011, Defendant filed a lawsuit in the United States District Court for the Eastern District of Louisiana, seeking damages under the Jones Act, among other things. Defendant failed, however, to assert a jury demand. One day later, Defendant filed a motion to dismiss his Louisiana case, which was granted. On September 21, 2011, Defendant – represented by different counsel – refiled his lawsuit in the Eastern District of Louisiana, and this time he requested a jury trial.

On September 28, 2011, Plaintiffs filed a motion in the Louisiana case,

requesting that it be transferred to this Court. That motion is still pending. On November 29, 2011, Defendant filed a Motion to Dismiss or, Alternatively, to Transfer Venue [20], which the Court now addresses. As the Court concludes that this case should be transferred to the United States District for the Eastern District of Louisiana, it declines to address Defendant's dismissal arguments.

## II. DISCUSSION

### A. *Section 1404(a) Analysis*

District courts "have broad discretion in deciding whether to order a transfer" pursuant to 28 U.S.C. § 1404(a). *In re Volkswagen of Am.*, 545 F.3d 304, 311 (5th Cir. 2008) (punctuation omitted). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The first question under Section 1404(a) is whether the case "might have been brought in the destination venue." *In re Volkswagen of Am.*, 545 F.3d at 312. In the present case, it is undisputed that the case might have been brought in the United States District Court for the Eastern District of Louisiana.

Next, the party seeking a transfer must show "good cause." *Id.* at 315. Good cause has been defined in the following manner:

> When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice. Thus, when the transferee venue is not clearly more convenient than the venue

> chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Id.* (punctuation and footnote omitted). To determine whether the transferee venue is clearly more convenient than the plaintiff's chosen venue, the Court looks at various factors impacting the private and public interests at play in the case. *Id.*

> The private interest factors are: (1) the relative ease of access to the sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* (punctuation and citations omitted). While these factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive," and none of them possesses "dispositive weight." *Id.*

In the Court's opinion, the first, third, and fourth private interest factors point to the Eastern District of Louisiana as the appropriate venue for this case. Although Defendant is a resident of Sumrall, Mississippi, the accident at issue occurred on board the M/V CAPTAIN FRANK, while it was docked at Plaintiffs' shipyard in Houma, Louisiana. The record contains no evidence of the dredge's current location, but the Court assumes – in the absence of such evidence – that it remains docked in Louisiana. Regardless of where the dredge is now, the injury occurred in Louisiana. That being the case, the Court believes that it would be easier to investigate, conduct discovery,

and try this case in the Eastern District of Louisiana.

Likewise, the Eastern District of Louisiana presents a more convenient venue for most of the potential fact witnesses in this case. Defendant presented an affidavit in which he identified nine individuals who were aboard the ship on the day of his accident. Of those nine, eight are Louisiana residents, and one is a Florida resident. According to Defendant, the two individuals closest to him at the time of the accident were from Louisiana. Plaintiffs argue that the Court should disregard Defendant's affidavit because none of his coworkers witnessed the accident.[1] However, Defendant believes that at least two of the identified coworkers were close enough to hear him fall. Furthermore, regardless of whether Defendant's coworkers witnessed the accident, they may have discoverable information regarding the condition of the ladder at issue on the day of Defendant's accident, as well as Plaintiffs' relevant maintenance policies and procedures.

Immediately after the accident, Defendant was hospitalized for a week at Terebonne General Medical Center in Houma, Louisiana. He was then – by his own request – transferred to Forrest General Hospital in Hattiesburg, Mississippi. He continues to see a neurologist in Metairie, Louisiana, and other doctors in Hattiesburg, Mississippi. Accordingly, in his initial disclosures, Defendant identified himself and

---

[1] Plaintiffs also argue that Defendant's affidavit is "a poorly veiled attempt" to tilt the 1404(a) factors in his favor. Neither party to this matter has hesitated to massage the facts relevant to the transfer factors in an attempt to obtain the venue of their liking. Regardless of Defendant's motivation in presenting the affidavit, it is in evidence. Absent contrary evidence, the Court can not simply disregard it because Plaintiffs are skeptical as to its bona fides.

hiss wife; a representative of Plaintiffs who resides in New Jersey; a doctor in Metairie, Louisiana; "various doctors" at Terebonne General Medical Center in Houma, Louisiana; and "various doctors" at Forrest General Hospital in Hattiesburg, Mississippi, as potential witnesses. Additionally, Defendant testified that he has received treatment for past injuries in Mississippi, Louisiana, and Texas. Therefore, Defendant's medical records and treating doctors appear to be split evenly between Mississippi and Louisiana.

The second private interest factor – the availability of compulsory process to secure the attendance of witnesses – also points to the Eastern District of Louisiana as the appropriate venue for this case. Generally, a trial subpoena issued by this Court may only be served upon persons who reside within this district or within one hundred miles of the Court. FED. R. CIV. P. 45(b)(2)(A), (B). The parties have not presented the Court with specific addresses for each of the potential witnesses in this matter. However, it is reasonable to assume that some of the witnesses who reside in Louisiana will be outside the reach of this Court's subpoena power.[2] Of course, some witnesses – specifically, Defendant's Hattiesburg medical providers – will be outside the reach of the Eastern District of Louisiana's subpoena power. There are more identified potential witnesses residing outside this district than within it, however. Accordingly, this factor points to the Eastern District of Louisiana.

---

[2]Hattiesburg, Mississippi – this Court's location – is approximately 165 miles from Houma, Louisiana; 113 miles from New Orleans, Louisiana; and 115 miles from Metairie, Louisiana.

The public interest factors do not clearly point to either venue. The Court has no knowledge as to the status of the docket of the Eastern District of Louisiana. Accordingly, the "court congestion" factor is inapplicable. Further, both Louisiana and Mississippi have an interest in this case. Defendant is a Mississippi resident, and Plaintiffs are Louisiana businesses. Therefore, the "local interest" factor is also inapplicable. Likewise, both this Court and the Eastern District of Louisiana are capable of adjudicating the maritime issues presented by this case, and there are not conflicts of law or foreign laws involved.

In light of the factors discussed above, the Court concludes that the Eastern District of Louisiana is a clearly more convenient venue for this action than this district. The place of alleged injury was in Louisiana, and most of the potential witnesses reside in Louisiana. As the Fifth Circuit has noted: "[I]t is more convenient for witnesses to testify at home[,] and . . . additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increase the time which these fact witnesses must be away from their regular employment." *In re Volkswagen of Am., Inc.*, 545 F.3d at 317. Accordingly, the Court concludes that the Eastern District of Louisiana is clearly a more convenient venue for this action.

**B.     *Waiver***

Plaintiffs argue that Defendant waived his right to request a transfer by initially filing suit in Louisiana on May 25, 2011, and then voluntarily dismissing that suit. The Court does not know why Defendant voluntarily dismissed his first complaint filed in

6

the Eastern District of Louisiana. However, the Court notes that Defendant was represented by different counsel at that point, and that Defendant failed to request a jury trial, which was his clear right under the Jones Act. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 351, 115 S. Ct. 2172, 132 L. Ed. 2d 314 (1995). When Defendant filed his second complaint, it included a demand for a jury trial.

Regardless of Defendant's actions, Plaintiffs have not cited any law whatsoever in support of their argument that one may waive his right to request a transfer of venue. Indeed, Section 1404(a)'s analysis is less concerned with the parties' "rights" than it is with "the convenience of the parties and witnesses, in the interest of justice." *See In re Volkswagen of Am., Inc.*, 545 F.3d at 313. In other words, this Court's decision to transfer a case pursuant to Section 1404(a) is not driven primarily by any one party's interests. Rather, it is driven by a number of factors, including the Court's interest in efficiency and the convenience of non-party witnesses. Therefore, the Court is disinclined to hold that a party can waive the right to request a transfer pursuant to Section 1404(a).

C.   *The First-to-File Rule*

Plaintiffs also argue that Defendant's transfer request must be denied by operation of the "first-to-file rule." When related cases are pending before two federal courts, the first-to-file rule instructs the court with the later-filed action to transfer it to the first-filed forum. *Am. Bankers Life Assurance Co. of Fla. v. Overton*, 128 F. App'x 399, 403 (5th Cir. 2005). The rule is based on "principles of comity and sound judicial administration." *Save Power v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Its purpose is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

However, this Court has previously held that the "rule yields to the convenience of parties and witnesses, and the interests of justice." *Atl. Sounding Co. v. Steward*, No. 5:08-CV-307, 2009 U.S. Dist. LEXIS 41187, at *5 (S.D. Miss. May 15, 2009). Accordingly, "when a transfer analysis under section 1404(a) dictates that a case should be transferred, this constitutes a compelling circumstance that warrants an abrogation from the first-filed rule." *Id.* (quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 697 n. 12 (8th Cir. 1997)). As the Court discussed above, the 1404(a) factors point to the Eastern District of Louisiana as the more convenient venue for this case. That "constitutes a compelling circumstance that warrants an abrogation from the first-filed rule." *Id.*

### III. CONCLUSION

For the reasons stated above, the Court **grants in part** Defendant's Motion to Dismiss or, Alternatively, to Transfer Venue [20]. This case shall immediately be transferred to the United States District Court for the Eastern District of Louisiana.

SO ORDERED AND ADJUDGED this 1st day of February, 2012.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

8